UNITED STATES DISTRICT COURT

Southern District of Texas – Houston Division

| | | |
|---|---|---|
| CESAR PERLA, | § | |
| | § | |
| PLAINTIFF | § | CASE NUMBER 4:26-cv-03949 |
| | § | |
| VS. | § | |
| | § | |
| CREDIT CORP SOLUTIONS, INC., | § | |
| | § | DEMAND FOR JURY TRIAL |
| DEFENDANT | § | |
| | § | |

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

COMES NOW, Plaintiff Cesar Perla ("Plaintiff"), by and through undersigned counsel, and files this Response in Opposition to Defendant Credit Corp Solutions, Inc.'s ("Credit Corp" or "Defendant") Motion to Dismiss ("Motion") filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and respectfully shows the Court as follows:

I.      INTRODUCTION

Defendant's Motion asks this Court to do what Rule 12(b)(6) does not permit: weigh new evidence that Defendant introduces, resolve disputed factual questions in Defendant's favor, and declare as a matter of law Plaintiff loses his claims.  This is not the purview of a 12(b)(6) which can only review the evidence pled in the Complaint.

Plaintiff's Complaint alleges, with specificity, that Defendant filed the State Court Lawsuit without identifying the original creditor anywhere in the four corners of the pleading itself, relying instead on the vague and multi-use phrase "predecessor in interest." (Compl. ¶¶ 23, 25). Binding and persuasive authority holds that omitting the

name of the original creditor in a collection complaint (or petition, in state court) is deceptive and material under the least sophisticated consumer standard. Defendant's attempt to cure that omission after the fact, through a declaration and exhibits appended to its own Motion, is procedurally improper at the pleading stage.  Furthermore, Plaintiff disputes the facts that Defendant attempts to bring into evidence with their 12(b)(6) motion.

For the reasons set forth below, the Motion should be denied in its entirety, or, in the alternative, Plaintiff should be granted leave to amend.

## II.      RELEVANT PROCEDURAL BACKGROUND

On May 20, 2026, Plaintiff filed his Complaint alleging that Defendant violated §§1692e, 1692e(2)(A), and 1692e(10) of the FDCPA, Tex. Fin. Code §§ 392.304(a)(8) and (a)(19) of the TDCA, and, through the TDCA's tie-in provision, the DTPA. Plaintiff's claims arise from Defendant's filing of a collection lawsuit against Plaintiff in Justice Court, Precinct 1, Place 1, Harris County, Texas, styled Credit Corp Solutions, Inc. v. Cesar Perla, No. 261100129705 (the "State Court Lawsuit"), which referred only to an unnamed "predecessor in interest" rather than identifying the original creditor. (Compl. ¶¶ 22–25). On July 16, 2026, Defendant moved to dismiss, attaching a declaration of counsel and 58 pages of exhibits never referenced in, attached to, or incorporated into Plaintiff's Complaint.

## III.     STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted.  *Prophet v. Joan Myers, Myers & Assocs., P.C.*, 645 F. Supp. 2d 614, 616 (S.D. Tex. 2008) citing *Manguno v. Prudential Prop. and Cas. Ins. Co.,* 276 F.3d 720, 725 (5th Cir. 2002).

A motion under Rule 12(b)(6) tests the legal sufficiency of the complaint; it is not a vehicle for resolving disputed facts or weighing evidence. *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A complaint survives dismissal so long as it pleads "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, and dismissal is appropriate only where, accepting the well-pleaded facts as true, the plaintiff can prove no set of facts entitling him to relief.

Ordinarily, a court ruling on a Rule 12(b)(6) motion may consider only the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters subject to judicial notice. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). A document outside the complaint may be considered only where it is referred to in the complaint and central to the plaintiff's claim. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010). Where a party submits matters outside the pleadings that do not meet this narrow exception, the Court must either exclude them or convert the motion to one for summary judgment under Rule 12(d), affording the non-movant a reasonable opportunity to present pertinent material. Fed. R. Civ. P. 12(d).

IV.    ARGUMENT

A.    *The Osborne Declaration and Its Attached Exhibits Are Extrinsic Matter That May Not Be Considered on a Rule 12(b)(6) Motion*

Defendant's entire Motion rests on a single factual proposition found nowhere in the Complaint: that a Validation Notice, Affidavit of Debt, Bill of Sale, and original Loan Agreement, filed separately in the State Court Lawsuit and now appended to the Declaration of Brett T. Osborne, cured any omission in the body of the state-court petition. Plaintiff's Complaint does not reference, attach, or rely upon these documents. (See generally Compl.). Nor are they "central" to Plaintiff's claim in the sense required by Sullivan, 600 F.3d at 546, because Plaintiff's theory of liability is directed at the four corners of the operative pleading Defendant filed in the State Court Lawsuit—not at whatever additional papers may have also been filed in the suit.

Defendant's reliance on Tex. R. Civ. P. 59 and *City of Abilene v. Carter*, 530 S.W.3d 268, 277 (Tex. App. 2017), is misplaced. Rule 59 governs what may be deemed part of a pleading under Texas procedure for purposes of Texas pleading sufficiency; it does not convert a federal Rule 12(b)(6) motion into an occasion for weighing extrinsic evidentiary submissions styled as a declaration. Defendant asks the court to admit this new evidence and find that (a) while filed separately, these documents were served upon Plaintiff with the petition; and (b) that an unsophisticated consumer reviewing the petition alone would have appreciated that separately filed documents supplied the missing information, and (c) whether the separately filed documents were even part of the operative pleading under Texas practice.  These are questions of fact that cannot be resolved against Plaintiff at this stage.

Because Defendant's Motion depends entirely on evidence outside the Complaint that does not fall within the narrow Sullivan/Dorsey exception, the Court should decline to consider the Osborne Declaration and its Exhibits, or, in the alternative, decline to convert the Motion to one for summary judgment absent proper notice and an opportunity for discovery. Fed. R. Civ. P. 12(d).

B.      *Plaintiff Has Plausibly Alleged a Violation of Section 1692e of the FDCPA*

Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, and its subsections (2)(A) and (10) specifically bar misrepresentation of the character or legal status of a debt and the use of any false or deceptive means to collect it. The Fifth Circuit applies the "least sophisticated consumer" standard, asking whether such a consumer would be misled into believing something untrue that would influence her decision-making. *Goswami v. Am. Collections Enter., Inc.*, 377 F.3d 488, 495 (5th Cir. 2004).

Numerous courts have squarely held that a debt-collection pleading's failure to identify the original creditor is deceptive and material under this standard. *See Heathman v. Portfolio Recovery Assocs., LLC*, 2013 WL 3746111, at *4–5 (S.D. Cal. July 15, 2013)

(failure to identify the original creditor "is both deceptive and material under the least sophisticated consumer standard"); *Tourgeman v. Collins Fin. Servs., Inc.*, 2011 WL 3176453, at \*5 (S.D. Cal. July 26, 2011) (failure to identify the original creditor could "frustrate a consumer's ability to intelligently choose his or her response"); *Isham v. Gurstel, Staloch & Chargo, P.A.*, 738 F. Supp. 2d 986, 996 (D. Ariz. 2010) (knowing the creditor's identity allows the consumer to make informed decisions and avoid being misled); *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 327 (6th Cir. 2012) (a false representation of the creditor's identity may constitute a false representation actionable under § 1692e). Plaintiff has pleaded precisely this violation: that the State Court Lawsuit referred only to an unnamed "predecessor in interest" and never identified the original creditor anywhere in its body. (Compl. ¶¶ 23, 25, 30).

Defendant's reliance on *Meroney v. Pharia*, LLC, 688 F. Supp. 2d 550 (N.D. Tex. 2009), does not compel a contrary result at the pleading stage. Meroney was decided on a developed record where the court could examine the actual state-court filings in their entirety; here, whether the Exhibits Defendant now proffers were ever properly before the state court or served on Plaintiff as part of the pleading is a disputed factual matter outside the Complaint that cannot be resolved on a motion to dismiss. Moreover, Meroney's holding that "a careful reading" of the petition and affidavits would reveal the chain of title, id. at 553, presupposes that the relevant information was actually and legibly incorporated into what the consumer received and could reasonably be expected to review together as a single pleading—precisely the factual predicate Defendant has not established and which Plaintiff disputes. At the motion-to-dismiss stage, that dispute must be resolved in Plaintiff's favor.

C.     *Plaintiff Has Plausibly Alleged Violations of the Texas Debt Collection Act*

Because "the same actions that are unlawful under the FDCPA are also unlawful under the TDCA," *Bullock v. Abbott & Ross Credit Servs., L.L.C.*, 2009 WL 4598330, at \*2 n.3 (W.D. Tex. Dec. 3, 2009), Plaintiff's well-pleaded FDCPA allegations likewise support his claims under Tex. Fin. Code §§ 392.304(a)(8) and (a)(19). *See also, Fiddick v. Bay Area*

*Credit Serv., LLC,* No. 3:18-CV-00416, 2019 U.S. Dist. LEXIS 70177, at \*12 (S.D. Tex. Apr. 25, 2019) "Because the FDCPA and TDCA are isomorphic (that is, they share the same general structure but are identified by different names), the same analysis this Court applied to assess the sufficiency of the FDCPA claim will be utilized to determine the adequacy of the TDCA claim."

Section 392.304(a)(8) prohibits misrepresenting the character, extent, or amount of a consumer debt, or the debt's status in a judicial proceeding. Plaintiff has alleged that Defendant misrepresented the debt's status by prosecuting a collection suit that concealed the identity of the original creditor behind the phrase "predecessor in interest," thereby obscuring the true character and provenance of the obligation Defendant sought to collect. (Compl. ¶¶ 23, 25, 33(a)). That is a materially different—and more specific—factual allegation than a bare recitation of the statute, and it is sufficient at the pleading stage to state a plausible claim. *See Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 832 (5th Cir. 2015).

Section 392.304(a)(19)'s catchall provision likewise reaches Defendant's conduct because Plaintiff has identified an affirmative act of debt collection —the filing and prosecution of a lawsuit – that was done without bothering to identify the original creditor. This is easily distinguished from examples of communications that the court has found do not entail debt collection, such as a negotiation or letter involving a modification of the debt. *See Thompson v. Bank of Am. Nat. Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015). Whether that representation was misleading to the least sophisticated consumer, and whether it was cured by materials outside the four corners of the petition, are factual questions not properly resolved on this Motion for the reasons discussed in Section IV.A, supra.

> D.      *Plaintiff's DTPA Claim Is Viable Through the TDCA Tie-In Provision, or Alternatively Leave to Amend Should Be Granted*

Tex. Fin. Code § 392.404(a) makes a violation of the TDCA actionable under the DTPA. Because Plaintiff has plausibly alleged underlying TDCA violations, as set forth in

Section IV.C, supra, his DTPA claim survives on the same predicate. (Compl. ¶¶ 36–37).

To the extent the Court concludes that Plaintiff must independently satisfy the DTPA's consumer-status requirement, see *Cushman v. GC Servs., L.P.*, 397 F. App'x 24, 28 (5th Cir. 2010), Plaintiff's underlying obligation arose from a consumer loan or credit transaction that Plaintiff, as the borrower, sought and acquired for personal use—precisely the type of transaction the DTPA's consumer definition contemplates. Tex. Bus. & Com. Code § 17.45(4). Any deficiency in the Complaint's current articulation of that predicate transaction is readily cured by amendment. Federal Rule of Civil Procedure 15(a)(2) directs that leave to amend "shall be freely given when justice so requires," and the Fifth Circuit has repeatedly cautioned that dismissal with prejudice, without affording a plaintiff at least one opportunity to replead, is a harsh remedy generally reserved for cases of repeated failure to cure deficiencies or undue prejudice to the defendant—neither of which is present here. Should the Court find any claim insufficiently pleaded, Plaintiff respectfully requests leave to amend rather than dismissal with prejudice.

### E.     Plaintiff Has Adequately Alleged a Concrete and Particularized Injury Sufficient to Confer Standing

Defendant's reliance on *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), overstates that decision's reach. TransUnion held that a bare procedural or statutory violation, untethered from any real-world harm, cannot alone satisfy Article III—it did not hold that emotional distress and out-of-pocket financial loss traceable to a defendant's conduct are insufficient. *Id.* at 425–27. Plaintiff has alleged both categories of concrete, particularized harm here.

First, Plaintiff alleges that Defendant's prosecution of a collection lawsuit that concealed the original creditor's identity caused him to incur attorney's fees in defending that action. (Compl. ¶ 28). Out-of-pocket monetary loss proximately caused by a defendant's conduct is a paradigmatic concrete injury for Article III purposes. Second, Plaintiff alleges emotional distress arising from Defendant's collection conduct. (Compl. ¶ 9). The Fifth Circuit has recognized that emotional harm satisfies the injury-in-fact

requirement. *Rideau v. Keller Indep. Sch. Dist.*, 819 F.3d 155, 169 (5th Cir. 2016); see also *Mayfield v. LTD Fin. Servs.*, L.P., 2021 WL 4481089, at *4 (S.D. Tex. Sept. 30, 2021). Both injuries are fairly traceable to Defendant's alleged misrepresentation regarding the character and provenance of the debt, and both are redressable through an award of actual and statutory damages. *Heckman v. Williamson County*, 369 S.W.3d 137, 154–55 (Tex. 2012). Defendant's standing challenge accordingly fails, and, in any event, presents factual questions inappropriate for resolution on a Rule 12(b)(6) motion.

## V.   CONCLUSION AND PRAYER

For the foregoing reasons, Plaintiff Cesar Perla respectfully requests that this Court deny Defendant's Motion to Dismiss in its entirety. In the alternative, should the Court find any claim insufficiently pleaded, Plaintiff respectfully requests leave to file an amended complaint pursuant to Rule 15(a)(2), rather than dismissal with prejudice. Plaintiff further requests all other relief, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

*/s/ Daniel J. Ciment*

Daniel Ciment
SBN: 24042581
THE DEBT DEFENDERS
CIMENT LAW FIRM, PLLC
400 E. Weatherford St.,
Fort Worth, TX 76102
833-663-3289
855-855-9830 Facsimile
*ATTORNEY FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, August 3, 2026, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF electronic filing system, in accordance with the Federal Rules of Civil Procedure.

/s/ Daniel J. Ciment

Daniel Ciment