# UNITED STATES DISTRICT COURT
Southern District of Texas – Houston Division

| | | |
|---|---|---|
| CESAR PERLA, | § | |
| | § | |
| PLAINTIFF | § | CASE NUMBER 4:26-cv-03949 |
| | § | |
| VS. | § | |
| | § | |
| CREDIT CORP SOLUTIONS, INC., | § | |
| | § | DEMAND FOR JURY TRIAL |
| DEFENDANT | § | |
| | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(f)**
**FEDERAL RULES OF CIVIL PROCEDURE**

Please restate the instruction before furnishing the information.

1. State when and how the meeting of the parties required by Rule 26(f) was held, and identify the counsel or self-represented litigant who attended for each party.

The meeting was held on Wednesday, September 9, 2026, via telephone/email conference with Daniel J. Ciment, counsel for the Plaintiff and David Sander, counsel for the Defendant.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court, and state how the cases are related.

None.

3. Briefly describe what this case is about.

Plaintiff alleges that Defendant violated the multiple sections of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, as well as multiple sections of the Texas Debt Collection Act, Texas Finance code § 392.304.

Defendant denies the allegations and anticipates that its motion to dismiss, filed on August 3, 2026 will dispose or require amendment of Plaintiff's Fair Debt Collection Practices Act, the Texas Debt Collection Act and the Texas Deceptive Trade Practices Act against Defendant.

4. Specify the allegation of federal jurisdiction.

Federal question, violation of 15 U.S.C. §1681 and 15 U.S.C. §1692. This Court has supplemental jurisdiction over the Texas State Law Claims under 28 U.S.C. §1367.

 *(Revised April 26, 2021)*

5. Identify the parties who disagree and the reasons.

DEFENDANT: N/A. Defendant agrees that this Court has federal question and supplemental jurisdiction.

6. Identify any issues as to service of process, personal jurisdiction, or venue.

PLAINTIFF: is not aware of any such issues.

DEFENDANT: None currently known.

7. List anticipated additional parties that should be included and when they can be added, and identify any class or collective-action certification issues.

PLAINTIFF: is not aware of any additional parties.

DEFENDANT: None currently known.

8. State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.

The Parties have not made their initial disclosures yet. The parties will do so by October 1, 2026.

9. If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.

The Parties agree to submit any fee issues to the court for resolution on affidavits or declarations, should the need arise.

10. Describe the proposed discovery plan, including:

A. Responses to the matters raised in Rule 26(f), including any agreements reached concerning electronic and other discovery and any disputed issues relating to electronic and other discovery.

PLAINTIFF: Agrees to electronic discovery.

DEFENDANT: The parties agree electronic discovery.

B. When and to whom the plaintiff anticipates it may send interrogatories and requests for production.

PLAINTIFF: will propound discovery on Defendants within the next 45 days

C. When and to whom the defendant anticipates it may send interrogatories and requests for production.

DEFENDANT: Defendant may propound written discovery on Plaintiff within the next 60 days.

D. Of whom and by when the plaintiff anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.

PLAINTIFF: A corporate representative of each Defendant, as well as fact witnesses identified in discovery.

E. Of whom and by when the defendant anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.

DEFENDANT: If necessary, Plaintiff and any fact witness identified in discovery. Defendants consent to remote depositions.

F. Any threshold issues—such as limitations, jurisdiction, or immunity—that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.

PLAINTIFF: Not aware of any such issues.

DEFENDANT: None currently known.

G. Any experts needed on issues other than attorneys' fees.

N/A

DEFENDANT: None currently known.

H. If medical experts are needed, whether they are only treating physicians or also designated on other issues.

N/A

I. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and to provide their reports.

PLAINTIFF: March 26th, 2027

DEFENDANT: April 26th, 2027

J. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom. See Rule 26(a)(2)(B) (expert report).

PLAINTIFF: unknown at this time. Plaintiff consents to depositions being conducted via remote means.

K. List expert depositions the opposing party anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom.

See Rule 26(a)(2)(B) (expert report).

DEFENDANT: None currently known. If necessary, Defendants consent to remote depositions.

L. In a case involving parties that are unincorporated entities, such as an LLC or LLP, state the citizenship of every member and file an affidavit or declaration setting out the citizenship of every member.

DEFENDANT: N/A

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

The Parties are not aware of any disagreement on the discovery plan.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

None at this time.

13. State the date the planned discovery can reasonably be completed.

PLAINTIFF: April 30, 2027.

DEFENDANT: April 30, 2027.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.

PLAINTIFF: The parties are engaged in settlement discussions, and an early settlement is possible.

DEFENDANT: The parties are engaged in settlement discussions, and an early settlement is possible.

15. From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case.

PLAINTIFF: If necessary, the parties agree to mediate the case.

DEFENDANT: If necessary, Defendant requests a remote appearances at a settlement conference with the Court.

16. Magistrate judges may hold jury and nonjury trials with the consent of all parties. Indicate the parties' joint position on a trial before Judge Sam Sheldon.

The Parties do not consent to a trial before the magistrate.

17. State whether a jury demand has been made and if it was made on time.

PLAINTIFF: Plaintiff has demanded a jury trial.

18. Specify the number of hours it will likely take to present the evidence.

PLAINTIFF: Anticipates 5 to 10 hours to present case.

DEFENDANT: Anticipates 5 to 10 hours to present case.

19. List pending motions that may be ruled on at the initial pretrial and scheduling conference.

PLAINTIFF: None for the Plaintiff
DEFENDANT: Defendant has filed a motion to dismiss that is still pending.

20. List other pending motions.

PLAINTIFF: There are no other motions filed by the Plaintiff before the Court.
DEFENDANT: Defendant has filed a motion to dismiss that is still pending.

21. List issues or matters, including discovery, that should be addressed at the conference.

PLAINTIFF: There are no other issues to be addressed.
DEFENDANT: None currently known.

22. Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.

PLAINTIFF: Certifies that he filed the Disclosure of Interested Persons on September 10, 2026.

DEFENDANT: Certifies that he filed the Disclosure of Interested Persons on September 9, 2026.

23. List the names, bar numbers, addresses, telephone numbers, and emails of all counsel and unrepresented parties.

PLAINTIFF: Daniel J. Ciment, Texas Bar No. 24042581, 400 E. Weatherford St., Fort Worth, TX 76102, 833-663-3289, Daniel@CimentLawFirm.com

DEFENDANT: David Sander, Texas Bar No. 00788348, 9442 N. Capital of Texas Hwy., Plaza 1, Suite 500, Austin, TX 78759, (512) 648-2284, david@sanderlawoffices.com

| | |
|---|---|
| /s/ Daniel J. Ciment | 9/9/2026 |
| Counsel for Plaintiff(s) | Date |
| /s/David Sander | 9/9/2026 |
| Counsel for Defendant(s) | Date |